IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER R. FITZGERALD, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 17-3842 |
| TRANS UNION, LLC, | : | |
| | : | |
| Defendant. | : | |

Goldberg, J.                                                                         January 8, 2018

<u>**MEMORANDUM OPINION**</u>

Plaintiff Peter R. Fitzgerald has sued Defendants Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., WSFS Bank, and Penn Liberty Bank (collectively, "Defendants"), alleging both violations of the Fair Credit Reporting Act and defamation. Defendants Penn Liberty Bank and WSFS Bank have moved to dismiss the Complaint. For the following reasons, the Motion will be granted in part and denied in part.

**I.     FACTS ALLEGED IN THE COMPLAINT[1] AND PROCEDURAL HISTORY**

According to the Complaint, after years of making payments on a loan with Defendant Penn Liberty Bank ("Penn"), Penn advised Plaintiff to stop paying on account number

---

[1]   When determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 211 (3d Cir. 2009). In accordance with this principle, my recitation of the facts assumes the truth of the factual statements in the Complaint.

45854500****.   After that instruction, Defendant WSFS Bank ("WSFS") acquired Penn. (Compl. ¶¶ 10–11.)

Since then, both Penn and WSFS have allegedly been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") regarding alleged account number 45854500****.   Likewise, WSFS has allegedly been inaccurately furnishing credit data on Plaintiff's credit reports regarding account number 1915111790****.   Plaintiff claims that the balance, past due balance, and written-off balance for both accounts are incorrect.  (Id. ¶¶ 12–15.)

Plaintiff first noticed the inaccuracies in early 2017.   He disputed the information regarding the WSFS and Penn trade lines with Trans Union, Equifax, and Experian, and stated that the reporting of these accounts was inaccurate.   Trans Union, Experian, and Equifax each acknowledged receipt of Plaintiff's dispute and informed WSFS and Penn of the dispute.  (Id. ¶¶ 19–20.)  Thereafter, Trans Union, Experian, and Equifax notified Plaintiff that the accounts had been "verified" and that Plaintiff's identified inaccuracies would not be corrected.  (Id. ¶¶ 16–21.)

Plaintiff alleges that, as a result of Defendants' continued false credit reporting, his credit score has dropped substantially, causing him to be denied a car loan, to accept another auto loan at a high interest rate, and to refrain from applying for additional credit.  (Id. ¶ 27.)

On August 25, 2017, Plaintiff filed the present suit against Defendants alleging a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (Count I) and a claim for defamation of character (Count II).   Defendants WSFS and Penn moved to dismiss the Complaint on September 27, 2017.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.  Id.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard.  Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014).  First, the court outlines the elements a plaintiff must plead to state a claim for relief.  Id. at 365.  Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth."  Id.  Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'"  Id. (quoting Iqbal, 556 U.S. at 679).  The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. (quoting Iqbal, 556 U.S. at 679).

## III. DISCUSSION

WSFS and Penn set forth two grounds for their Motion to Dismiss. First, they allege that the Complaint fails to adequately state a claim under the FCRA. Second, they assert that the defamation claim is both improperly pled and preempted by the FCRA.

### A. Fair Credit Reporting Act Claim

Plaintiff's claim against WSFS and Penn is premised on 15 U.S.C. § 1681s–2(b), a provision of the FCRA that regulates how the furnishers of credit information must respond when they are given notice of a dispute over consumer credit records. Section 1681s–2(b) provides, in relevant part:

> (1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s–2(b).

If a furnisher fails to comply with these requirements, then § 1681n and § 1681o "authorize[ ] consumers to bring suit for damages caused by a furnisher's . . . breach" when that breach is willful or negligent, respectively. Seamans v. Temple Univ., 744 F.3d 853, 864 (3d Cir. 2014). First, however, a consumer must notify the credit reporting agency ("CRA") of the disputed item and, in turn, the CRA must give notice to the furnisher that provided the disputed credit information. Horsch v. Wells Fargo Home Mortg., 94 F. Supp. 3d 665, 672 (E.D. Pa. 2015). Ultimately, to state a claim in a suit arising under § 1681s–2(b), "a plaintiff must allege (1) that he notified a credit reporting agency ("CRA") of the dispute under § 1681i, (2) that the CRA notified the party who furnished the information; and (3) that the party who furnished the information failed to investigate or rectify the disputed charge. Id. (citing Taggart v. Norwest Mortg., Inc., No. 09–1281, 2010 WL 114946, at *9 (E.D. Pa. Jan. 11, 2010), aff'd, 539 F. App'x 42 (3d Cir. 2013)).

Here, Plaintiff has sufficiently plead all three elements to state a claim under section 1681s-2(b). As to the first element, Plaintiff alleges that both Penn and WSFS inaccurately furnished credit data on Plaintiff's credit reports regarding two loans—which he identifies by loan number—and that he reported the disputed information to the three CRAs—Equifax, Trans Union, and Experian. (Compl. ¶¶ 13–18.) "When a plaintiff alleges contact with a consumer credit agency, [c]ourts in this Circuit have usually permitted complaints to proceed on the premise that discovery is warranted to ascertain whether or not a claim actually exists." Edwards v. Equable Ascent, FNCL, LLC, No. 11-2638, 2012 WL 1340123, at *6 (D.N.J. Apr. 16, 2012) (citing cases). As to the second element, plaintiff sufficiently alleges that the three credit reporting agencies contacted Penn and WSFS and "notified" them "of Plaintiff's dispute." (Compl. ¶ 20.) Finally, Plaintiff has adequately pled the third element by averring that "[e]ach

Defendant willfully and negligently failed to employ and follow reasonable procedures to investigate Plaintiff's dispute and correct and/or delete the information appearing on his credit reports." (Compl. ¶ 23.)

In an effort to have this claim dismissed, WSFS and Penn assert that "Plaintiff simply does not allege, with any specificity, the who, what, where, when, why and how of his case, having failed to assert even the most basic facts such as who allegedly told him 'to stop paying' his loan obligations, when he was told, how he was told or even what Plaintiff believes to be the meaning of 'stop paying'." (Defs.' Mem. Supp. Mot. to Dismiss 5.) Defendants go on to argue that the Complaint's allegations "do not adequately distinguish between the alleged violations of the various named defendants, and instead offer legal conclusions for which no factual support or explanation is provided." (Id.)

Defendants' argument imposes too great of a pleading burden on Plaintiff. Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations of the type demanded by Defendants are not required by Rule 8, but rather are more akin to the type required for allegations of fraud under the heightened standard of Federal Rule of Civil Procedure 9(b). While the Complaint here could be more specific, it is sufficient to give Defendants fair notice of the basis of the claim, and to raise a plausible claim for relief under the Fair Credit Reporting Act. [2]

---

[2]     Plaintiff appears to recognize that the Complaint may be lacking in detail, as he includes, in his responsive brief, a Declaration from Plaintiff, together with multiple supporting exhibits. It is well established, however, that on a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guaranty Corp. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993). Neither Plaintiff's Declaration nor the exhibits were attached to or otherwise included in the Complaint and, therefore, I may not consider these documents.

**B.      Defamation**

WSFS and Penn next allege that because state common law claims are preempted by 15 U.S.C. § 1681t(b)(1)(F) of the FCRA, Plaintiff's defamation claim must be dismissed.  On this point, I agree with Defendants and will dismiss this claim.

Section 1681t(b)(1)(F) states that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b)(1)(F).  Although not yet addressed by the Third Circuit, several other Circuit Courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2.  See, e.g., Purcell v. Bank of Am., 659 F.3d 622, 625–26 (7th Cir. 2011) (finding defamation claim preempted by § 1681t(b)(1)(F)); Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 47–48 (2d Cir. 2011) (same); Marshall v. Swift River Academy, LLC, 327 F. App'x 13, 15 (9th Cir. 2009) (same); Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 751 (10th Cir. 2009) (finding state libel and false light invasion of privacy claims to be preempted by § 1681t(b)(1)(F)).

Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that Section 1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under § 1681s-2.  Lalonde v. Bank of Am., N.A., No. 16-1586, 2016 WL 7734690, at *2 (W.D. Pa. Dec. 15, 2016), report and recommendation adopted by 2017 WL 104965 (W.D. Pa. Jan. 11, 2017); Cicala v. Trans Union, LLC, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *4 (E.D. Pa. May 9, 2016); Prukala v. TD Bank USA, No. 16-0894, 2016 WL 6191912, at *3 (M.D. Pa. Oct. 24, 2016), appeal dismissed (3d Cir. 2016);

Vullings v. Trans Union, LLC, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015); Grossman v. Trans Union, LLC, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014); Goins v. MetLife Home Loans, No. 12-6639, 2014 WL 5431154, at *6–7 (E.D. Pa. Oct. 24, 2014); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 451 (D.N.J. 2010); Cosmas v. Am. Exp. Centurian Bank, 757 F. Supp. 2d 489, 500–01 (D.N.J. 2010).

In light of the significant weight of this authority, and based on the sound reasoning in these cases, I likewise conclude that § 1681t(b)(1)(F) preempts both state statutory and common law claims.[3]

Without acknowledging the existence of § 1681t(b)(1)(F), Plaintiff urges that under the alternate preemption provision found in § 1681h(e), the FCRA does not preempt state common law claims based on malice or willful intent to injure. Plaintiff contends that because the Complaint alleges that WSFS and Penn acted with malice and willful intent to injure, the defamation claim against these Defendants should not be preempted.

---

[3]    I recognize the line of cases from this Court holding that § 1681t(b)(1)(f) preempts only state statutory claims and has no application to state common law claims. See, e.g., Barrie v. Trans Union, LLC, No. 15-4213, slip op., ECF No. 31 (E.D. Pa. Oct. 14, 2015); Sassaman v. Nationstar Mortg., LLC, No. 14-1589, 2014 WL 6473798, at *2 (E.D. Pa. Nov. 19, 2014); Sites v. Nationstar Mortg., 646 F. Supp. 2d 699, 704–05 (E.D. Pa. 2009); Manno v. Am. Gen. Fin., 439 F. Supp. 2d 418, 424 (E.D. Pa. 2006).

This interpretation of § 1681t(b)(1)(f) has fallen within the minority among cases addressing this issue. As noted by the Second Circuit, "[t]he phrase '[n]o requirement or prohibition' [in § 1681t(b)(1)(f)] sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, those words easily encompass obligations that take the form of common-law rules." Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 106 (2d Cir. 2009) (quoting Cipollone v. Liggett Group, Inc., 505 U.S. 504, 521 (1992) and Riegel v. Medtronic, Inc., 552 U.S. 312 (2008)). Moreover, in enacting the FCRA, Congress intended to avoid a patchwork framework of regulations on consumer reporting agencies and furnishers of information that could be expanded or contracted by state law actions. Accordingly, I will adopt the majority approach that § 1681t(b)(1)(f) preempts both state statutory and state common law claims.

Plaintiff's argument is misplaced as this provision does not apply here. Section 1681h(e) states, in pertinent part, that,

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, *or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title*, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphasis added). This provision preempts defamation claims against furnishers of information where the information was disclosed pursuant to sections 1681g, 1681h, or 1681m of the FCRA, none of which are applicable here.[4] Rather, both WSFS and Penn are accused as furnishers of information reporting information under § 1681s-2. (See Compl. ¶ 38 ("WSFS and Penn are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).").) Therefore § 1681h(e) does not apply.

In short, § 1681t(b)(1)(F) of the FCRA preempts all state statutory and common law claims against furnishers of information acting under § 1681s-2. As such, Plaintiff's defamation claim must be dismissed.

---

[4]     Sections 1681g and 1681h apply only to consumer reporting agencies, not furnishers of information like WSFS or Penn. 15 U.S.C. §§ 1681g & 1681h. Section 1681m applies where the furnisher of the information disclosed the information and the user of the consumer report took an adverse action against the consumer. 15 U.S.C. § 1681m. No such "adverse action" is alleged in the Complaint.

**IV.     CONCLUSION**

Plaintiff has sufficiently pled a claim against Defendants WSFS and Penn under the FCRA.  However, Plaintiff's defamation claim falls within the FCRA's preemption provision of 15 U.S.C. § 1681t(b)(1)(F) and will be dismissed.  An appropriate order follows.